**IN THE UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF COLORADO**

Civil Action No. 2019-cv-00132

WILDEARTH GUARDIANS

       Plaintiff,

       v.

OFFICE OF SURFACE MINING
RECLAMATION AND ENFORCEMENT; a federal agency within the U.S. DEPARTMENT
OF THE INTERIOR;

U.S. DEPARTMENT OF THE INTERIOR, a federal agency;

       Defendants.

---

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

---

## I.    INTRODUCTION

1.    Defendants are agencies of the United States Department of the Interior ("DOI"), including the Office of the Secretary ("Office of the Secretary") and Office of Surface Mining Reclamation and Enforcement ("OSMRE"), that have wrongfully withheld records responsive to a request made by Plaintiff WildEarth Guardians ("Guardians") pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*

2.    Congress determined that FOIA litigation is subject to expedited consideration. Unlike other civil litigation involving a federal agency, a responsive pleading is required within thirty days of service. 5 U.S.C. § 552 (a)(4)(C) (" Notwithstanding any other provision of law, the defendant shall serve an answer or otherwise plead to any complaint made under this subsection within thirty days after service upon the defendant of the pleading in which such complaint is

made, unless the court otherwise directs for good cause shown.").  OSMRE and the Department

of Justice both have discretionary funding sufficient to participate in this litigation and comply

with FOIA mandates, notwithstanding the partial federal government shutdown that began on

December 22, 2018.  Failure of the Congress and the Executive to appropriate necessary funds

does not relieve federal agencies of the statutory duties imposed by FOIA or the duty to comply

with judicial orders.

3.      On November 30, 2017, Guardians filed a written FOIA request. ECF No. 1 ("FOIA

Request").  The FOIA Request sought prompt access to agency records involving Guardians'

rulemaking petition, which OSMRE approved in 2015. *See* 80 Fed. Reg. 9256 (Feb. 20, 2015).

The rulemaking sought to require surface coal mining operators to prevent injury to people and

damage to property from toxic gases generated by blasting at coal mines, including nitrogen

oxide (NOx) and carbon monoxide (CO), and would define "blast area" in their regulations to

ensure areas affected by blasting are properly secured and that the public is adequately protected.

The FOIA Request also involves OSMRE's subsequent withdrawal of the rulemaking decision

on March 27, 2017. ECF No. 1 at 7.

4.      Until prompted by Guardians' January 3, 2018, email, OSMRE failed to acknowledge

the FOIA Request, failed to assign a tracking number to the FOIA Request, and failed to provide

an estimated date of completion for the FOIA Request.

5.      On January 5, 2018, OSMRE sent Guardians an email confirming that OSMRE

received the FOIA Request on November 30, 2017.  The email revealed the control number for

the FOIA Request as OSM-2108-00038.  OSMRE's email ignored Guardians' request to provide

an estimated completion date.  OSMRE's email failed to provide a determination on Guardians'

request for a fee waiver.  OSMRE's email did not contain a determination on the FOIA Request.

6.    On September 7, 2018, having heard nothing from OSMRE, Guardians sent another email regarding the FOIA Request.

7.    On September 20, 2018, OSMRE confirmed a search had been conducted that identified agency records that are responsive to Guardians' FOIA Request.  OSMRE confirmed a final determination had not been made and estimated OSMRE would reach a final determination on the request by September 30, 2018.

8.    OSMRE has not produced any responsive records. OSMRE has not made a final determination.

9.    Contrary to FOIA's mandate to make responsive records promptly available (5 U.S.C. §552 (a)(6)), OSMRE failed to make determinations on Guardians' FOIA Request within the statutory time limit. OSMRE has failed to provide prompt access to any of the agency records described by Guardians' FOIA Request.

10.   By violating FOIA, Defendants have violated Guardians' right to promptly access agency records not subject to a recognized FOIA Exemption upon filing a written request, a statutory right that each FOIA requester enjoys regardless of the requester's purpose. 5 U.S.C. § 552.

11.   The withholding of agency records not subject to one of FOIA's nine recognized Exemptions (5 U.S.C. § 552 (b)) denies Guardians' FOIA right to promptly access information necessary to carry out its organizational mission.  Guardians' organizational mission includes participation in rulemakings involving the statutorily established public land management and environmental decisionmaking processes carried out, overseen, and authorized by OSMRE, DOI, and the Office of the Secretary.

12.     Guardians requests an order finding that OSMRE has violated FOIA, directing OSMRE to make a prompt determination on Guardians' FOIA Request supported by agency declarations documenting each search and each assertion of a FOIA Exemption, and compelling OSMRE to promptly provide Guardians with the responsive records by a date certain.

## II.  JURISDICTION AND VENUE

13.     This Court has jurisdiction over this action pursuant to FOIA, 5 U.S.C. § 552(a)(4)(B). This Court also has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1361 (action to compel an officer of the United States to perform his duty).

14.     OSMRE's failure to make a lawful determination on Guardians' FOIA Request within twenty working days of its November 30, 2017, receipt by OSMRE is construed as a denial of the FOIA Request and waives further exhaustion of administrative appeals requirements that can otherwise apply in FOIA cases.  5 U.S.C. § 552(a)(6)(A)(i); 5 U.S.C. § 552(a)(6)(C)(i).

15.     Constructive exhaustion of administrative remedies vests this District Court with jurisdiction to resolve all issues regarding Guardians' FOIA Request.  5 U.S.C. § 552(a)(6)(C)(i) ("Any person making a request to any agency for records under paragraph (1), (2), or (3) of this subsection shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph.").

16.     Venue in this Court is proper. 5 U.S.C. § 552(a)(4)(B).  Guardians is a non-profit corporation with offices in Denver, Colorado.  Guardians' staff in its Colorado office filed the FOIA Request at issue.  The records requested by this FOIA Request involve ongoing OSMRE regulatory authority over coal mining operations in Colorado, and throughout the nation.

https://www.osmre.gov/. Guardians' Denver Office plays the lead role in regional efforts to address the hazards posed by coal mining in the Western United States.

17. Venue is also appropriate under 28 U.S.C. § 1391 because Defendants are agencies of the United States with their Western Region Offices located in Denver, Colorado (https://www.wrcc.osmre.gov/) and a substantial part of the events or omissions giving rise to these claims occurred in this judicial district.

18. This Court "has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). The District Court "shall determine the matter de novo." 5 U.S.C. § 552(a)(4)(B).

19. This Court has statutory authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. This Court has statutory authority to grant injunctive relief pursuant to 28 U.S.C. § 2202 and 5 U.S.C. § 552(a)(4)(B). The Court retains its full equitable powers to fashion and impose effective remedies for agency FOIA violations.

20. This Court has statutory authority to award costs and attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E).

21. In addition to de novo review and authority to compel agency FOIA compliance, this Court has statutory authority to refer this matter to the Special Counsel to investigate and make binding recommendations to remedy the potentially arbitrary and capricious circumstances surrounding the agency's withholding of records. 5 U.S.C. § 552(a)(4)(F).

22. "In the event of noncompliance with the order of the court, the district court may punish for contempt the responsible employee, and in the case of a uniformed service, the responsible member." 5 U.S.C. § 552(a)(4)(G).

23.   The FOIA claims made in this Complaint are ripe for judicial review and the harm Defendants have caused to Guardians can be remedied by an order of this Court.

### III.  PARTIES

24.   Plaintiff WildEarth Guardians ("Guardians") is a non-profit conservation organization dedicated to protecting and restoring the wildlife, wild places, wild rivers, and health of the American West. Guardians has offices in Colorado, Montana, New Mexico, Arizona, Washington, and Oregon.

25.   Any person who files a FOIA request is deemed to have standing to invoke the jurisdiction of the Federal Courts to carry out the judicial review provisions of FOIA.  Guardians filed the FOIA Request at issue, and has standing to bring this FOIA suit.

26.   Guardians brings this action on its own behalf and on behalf of its adversely affected members.  With more than 223,000 members and supporters, Guardians works to sustain a transition from fossil fuels to clean energy in order to safeguard the West.  Specifically, the records sought in this action are requested in support of OSMRE's approval of Guardians' rulemaking petition. 80 Fed. Reg. 9256 (Feb. 20, 2015).  As the petition stated, blasting at coal mines leads to the production of dangerous levels of nitrogen dioxide emissions, which are seen as orange to red clouds.  These clouds of toxic gas represent significant threats to public health and welfare and must be curtailed to prevent injuries to persons as required by the Surface Mining Control Reclamation Act.  OSMRE determined that WildEarth Guardians' petition set forth facts, technical justification, and law establishing a reasonable basis for OSMRE to amend its regulations addressing these nitrogen dioxide emissions.  Without explanation, OSMRE abandoned the rulemaking in 2017.

27.    Guardians works in furtherance of its goals in part by acquiring information regarding federal programs and activities through FOIA.  Guardians then compiles and analyzes that information and, subsequently, disseminates that information to its membership, the general public, and public officials through various sources including publications, reports, its website and newsletter, general news media coverage, and public presentations.  Guardians' successful efforts at educating the public on issues concerning federal government programs and activities that affect the environment contribute significantly to the public's understanding of governmental operations and activities.  Guardians also uses the information that it acquires through FOIA to participate in federal decision-making processes, to file administrative appeals and civil actions, and generally to ensure that federal agencies comply with federal environmental laws.

28.    Guardians regularly uses FOIA as an important avenue for gaining information about agency activities.  Guardians is harmed when it is denied timely access to documents to which it is entitled.  Guardians intends to continue its use of FOIA to access agency records in the possession of Defendants.  Specifically, Guardians has concrete plans to submit FOIA requests to OSMRE as Guardians' advocacy and rulemaking efforts continue, and to follow up on the information learned while reviewing agency records responsive to the present FOIA Request.

29.    One of the purposes of FOIA is to promote the active oversight role of public advocacy groups incorporated in many federal laws applicable to federal agencies, including the Administrative Procedure Act. *See, e.g.*, 5 U.S.C. § 551, *et seq*.  Guardians uses FOIA to publicize activities of federal agencies and to mobilize the public to participate in the management of public land and other public resources.  Guardians intends to continue using FOIA requests to fulfill its oversight and advocacy role through scrutinizing agency records, a

practice Congress intended to promote through the adoption of FOIA. OSMRE's unexplained cessation of the aforementioned rulemaking involves environmental harms that can be remedied by ensuring Guardians has prompt access to public records going forward. The unregulated exposure to low levels of NOx gases may cause irritation of eyes, nose, throat, and lungs. Exposure to high levels of NOx gases may cause rapid burning, spasms, swelling of the throat, and upper respiratory tract issues, potentially resulting in death.

30. Guardians, its staff, or one or more of its members have and will suffer direct injury by the Defendants' failure to comply with the statutory requirements of FOIA, and a favorable outcome of this litigation will redress that injury. Defendants' refusals to provide timely FOIA access to agency records prevent Guardians' informed involvement in Defendants' time-limited opportunities to participate in administrative processes. Harm to the environment flows from Defendants' FOIA violations, which conceal the facts and circumstances of OSMRE's decision to curtail rulemaking addressing NOx gases. Guardians brings this action on behalf of itself, its staff, and its members.

31. Defendant UNITED STATES DEPARTMENT OF THE INTERIOR, OFFICE OF SURFACE MANAGEMENT ("OSMRE") is an agency as defined by 5 U.S.C. § 552(f)(1). FOIA charges OSMRE with the duty to provide public access to agency records in its possession or control. OSMRE possesses records responsive to Guardians' FOIA Request. OSMRE is denying Guardians access to its records in contravention of federal law.

32. Defendant UNITED STATES DEPARTMENT OF THE INTERIOR, OFFICE OF THE SECRETARY ("Office of the Secretary") is an agency as defined by 5 U.S.C. § 552(f)(1). FOIA charges the Office of the Secretary with the duty to provide public access to agency records in its possession or control. The Office of the Secretary possesses records requested by Guardians. The

Office of the Secretary is denying Guardians access to its records in contravention of federal law. The Office of the Secretary oversees the Office of the Solicitor, which provides inside counsel services to OSMRE and other DOI bureaus and departments.

33.    The UNITED STATES DEPARTMENT OF INTERIOR, OFFICE OF THE SOLICITOR ("Office of the Solicitor") is a federal agency as defined by 5 U.S.C. § 552(f)(1). The Office of the Solicitor must be consulted before the Office of the Secretary or OSMRE may deny a FOIA request by withholding records responsive to a FOIA request. 43 C.F.R. §§ 2.23(c), 2.24(b)(5).  When Defendants carry out FOIA duties involving FOIA Exemptions (5 U.S.C. § 552(b)), the Office of the Solicitor acts as a DOI FOIA Officer and acts outside the capacity of an attorney providing legal advice to a client in preparation for litigation.  The Office of the Solicitor is not named as Defendant, at this time.  On information and belief, the Office of the Solicitor possesses agency records responsive to Guardians' FOIA Request.

34.    Among other things, Defendants failed to lawfully make a determination on Guardians' FOIA Request within the statutory twenty working day limit.  As of the date of this filing, a determination has not been made on the FOIA Request.  As of the date of this filing, each Defendant possesses, controls, and unlawfully withholds agency records responsive to Guardians' FOIA Request that are not subject to a FOIA Exemption.

## IV.  STATEMENT OF FACTS AND SUMMARY OF LAW

35.    On November 30, 2017, Guardians submitted a written FOIA Request to OSMRE. ECF No. 1-1.

36.    OSMRE received the FOIA Request on November 30, 2017.  OSMRE did not provide any response to the FOIA Request during the twenty working day period following November 30, 2017.  The 20th working day after November 30, 2017, fell on January 3, 2018.

37.   Guardians contacted OSMRE's FOIA Officer on January 3, 2018, via an email.  The

email asked OSMRE for an acknowledgment that the request has been received, any control

number that had been assigned, and requested an estimated date for a final determination.

38.   OSMRE responded by email on January 5, 2018.  The OSMRE FOIA Officer's email

confirmed receipt of the FOIA Request on November 30, 2017, and assigned the FOIA Request

the FOIA tracking number OSM-2018-00038.  OSMRE did not provide an estimated date for a

final determination and release of records.  OSMRE did not provide a determination on the fee

waiver request.

39.   On the date of this filing, the DOI's FOIA Request Status webpage

(https://foia.doi.gov/requeststatus) does not provide an estimated processing completion date for

FOIA Request number OSM-2018-00038.

40.   Guardians sent a follow-up email to OSMRE's FOIA Officer on September 7, 2018,

after OSMRE failed to provide Guardians with any further communication on the FOIA Request.

This email requested an update on the status of FOIA Request and an estimated date for a

determination on the FOIA Request and production of records.

41.   On September 20, 2018, OSMRE's FOIA Officer confirmed that OSMRE had

assembled an undisclosed number of responsive records.  The email confirmed the FOIA Officer

had not reached a final determination on any FOIA exemption that could justify withholding of

responsive records.  The FOIA Officer made no mention of the Office of Solicitor review.

42.   Defendants' FOIA Officer estimated the determination would be provided to Guardians

by September 30, 2018.  OSMRE's FOIA Officer made no estimate for the date all responsive

records not subject to FOIA exemption would be produced.  DOI often delays production of

records for months and even years after making a FOIA determination.

43.   As of close of business on January 14, 2019, Guardians has not received Defendants' final determination on the FOIA Request.  As of this filing, Defendants have not provided an updated estimate completion date by which Guardians can expect a final determination.

44.   OSMRE possesses or controls, and is withholding, agency records responsive to Guardians' FOIA Request that are not subject to a FOIA exemption.  OSMRE's withholding of agency records is unlawful.  Alternatively, responsive records were transferred to the Office of Solicitor, and persons serving as counsel to OSMRE are withholding records responsive to Guardians' FOIA Request.

45.   As of this filing, one or more Defendants continue to withhold agency records responsive to the FOIA Request.  Defendants have not made a final determination on the FOIA Request.  Defendants have provided no indication that a FOIA-compliant search has been carried out.  Defendants have not provided the "cut-off date" used for any search, thereby frustrating Guardians' intent to file a follow-up FOIA request.  Defendants have provided no basis for withholding any of the specific agency records being withheld in full or in part.

46.   FOIA was amended in 2007 to reaffirm that Congress, through FOIA, continues to seek to "ensure that the Government remains open and accessible to the American people and is always based not upon the 'need to know' but upon the *fundamental 'right to know*.'" Pub. L. No. 110-175, 121 Stat. 2524, Section 2 ¶6 2007) (*emphasis supplied*).

47.   This lawsuit is necessary to vindicate Guardians' right to know, which is violated by Defendants' unlawful withholding of responsive agency records, in part, by failing to make a determination on Guardians' FOIA Request within twenty working days. 5 U.S.C. § 552(a)(6)(A)(i).  This lawsuit is also necessary because Defendants have refused to provide estimated dates by which Guardians' FOIA Request will be completed, an agency duty Congress

imposed in 2007 to remedy widespread and casual violations of FOIA deadlines. 5 U.S.C. § 552(a)(7).

48.   Administrative remedies are deemed exhausted whenever an agency fails to comply with the applicable time limits of FOIA. 5 U.S.C. § 552(a)(6)(C)(i).  Defendants' failure to comply with FOIA's time limits has constructively exhausted all of Guardians' administrative remedies.  Guardians now turns to this Court to provide relief that ensures Guardians, its membership, and the public have the prompt public access to agency records guaranteed by FOIA. 5 U.S.C. § 552(a)(6).

49.   FOIA is violated whenever an agency withholds an agency record that is not subject to a recognized FOIA Exemption. 5 U.S.C. § 552(a).  An agency's failure to comply with FOIA deadlines exhausts all administrative remedies and puts all questions of FOIA compliance within the jurisdiction of the federal courts.

50.   FOIA disputes are normally resolved on summary judgment, with the burden of proving FOIA compliance falling on the agency.  During this litigation, Defendants must carry their burden of demonstrating all elements of FOIA compliance.  Defendants may meet their litigation burdens by providing declarations, and disclosing contravening evidence in their possession, that address, among other things: a broad interpretation of the FOIA Request, lawful search, lawful cut-off date for each search, and the justification in a Vaughn index for withholding any agency record or part thereof.

## FIRST CLAIM FOR RELIEF

### Violation of FOIA: Unlawfully Withholding Agency Records
### Responsive to FOIA Request

51.   Guardians repeats and incorporates by reference the allegations in the above paragraphs and all paragraphs of this Complaint.

52.   Defendants have not communicated to Guardians the scope of the documents they intend to produce and withhold in response to FOIA Request OSM-2018-00038 or their reasons for withholding any documents, and have not disclosed to Guardians records responsive to the FOIA Request.

53.   Defendants have issued only partial responses that unlawfully withhold agency records requested by Guardians' December 20, 2018, FOIA Request for agency records.

54.   Defendants violated FOIA (5 U.S.C. § 552(a)) by failing to provide a lawful determination and response to Guardians' November 30, 2017, request for agency records within the statutory period. 5 U.S.C. § 552(a)(6)(A)(i).

55.   Defendants continue to violate FOIA by failing to conduct and document a lawful search for responsive records, which is a condition precedent to a lawful determination.  On information and belief, responsive agency records have been withheld due to an unlawfully narrow search. 5 U.S.C. §§ 552(a)(3)(B)-(C).

56.   Defendants continue to violate FOIA by illegally withholding agency records that are responsive to the FOIA Request, but which Defendants have not demonstrated are subject to any FOIA withholding provision. 5 U.S.C. § 552(b).

57.   These failures to make determinations on Guardians' FOIA Request (OSM-2018-00038) within the time frame required by FOIA are a constructive denial and wrongful

withholding of the records Guardians requested in violation of FOIA. 5 U.S.C. § 552(a)(6)(A)(i);

5 U.S.C. § 552(a)(6)(C)(i).

58.   Defendants continue to violate FOIA by not making responsive records promptly

available to Guardians. 5 U.S.C. § 552(a).

59.   Defendants continue to violate FOIA by unlawfully withholding agency records that are

responsive to the Guardians' request for records, but which are not subject to any FOIA

Exemption that allows withholding. 5 U.S.C. § 552(b).

60.   Guardians is entitled to reasonable costs of litigation, including attorney fees, pursuant

to FOIA, for Defendants' violation of FOIA. 5 U.S.C. § 552(a)(4)(E).

## SECOND CLAIM FOR RELIEF

### Violation of the FOIA – Failure to Use FOIA Tracking System

61.   Guardians repeats and incorporates by reference the allegations in the above paragraphs

and all paragraphs of this Complaint.

62.   FOIA mandates that each agency shall maintain an online system that provides

information about the status of a FOIA request to the person making the request that uses the

assigned tracking number and includes the date on which the agency originally received the

request and an estimated date on which the agency will complete action on the request. 5 U.S.C.

§ 552(a)(7).  This provision was amended into FOIA in 2007 to help remedy widespread and

casual agency violation of FOIA deadlines.

63.   Defendants' online tracking system is found at https://foia.doi.gov/requeststatus/.

64.   Defendants have not used the online FOIA tracking system to provide information on

Guardians' FOIA Request.

65.   On the date of this filing, Defendants' online system lacked an estimated date by which

the FOIA Request would be completed.

66.    OSMRE has ignored a statutory duty and thereby denied Guardians the statutory benefit

of the FOIA tracking system mandated by Congress. 5 U.S.C. § 552(a)(7).

67.    Guardians is entitled to reasonable costs of litigation, including attorney fees, pursuant

to FOIA, for OSMRE's violations of FOIA. 5 U.S.C. § 552(a)(4)(E).

## THIRD CLAIM FOR RELIEF

**Violation of FOIA -- Defendants' Conduct Raises Questions of Arbitrary and Capricious Actions When Defendants Unlawfully Withheld Agency Records that Guardians Requested Pursuant to FOIA.**

68.    Guardians repeats and incorporates by reference the allegations in the above paragraphs

and all paragraphs of this Complaint.

69.    Defendants violated FOIA and continue to violate FOIA by withholding agency records

and by failing to make "records promptly available." 5 U.S.C. § 552(a)(3)(A).

70.    Defendants violated FOIA (5 U.S.C. § 552(a)) by failing to provide a lawful

determination and response to Guardians' December 20, 2017, FOIA Request for agency records

within the statutory period. 5 U.S.C. § 552(a)(6)(A)(i).

71.    Defendants' failure to timely make statutory determinations and their conduct in

withholding agency records responsive to the FOIA Request involve circumstances that raise

questions on whether DOI personnel (including OSMRE, Office of the Secretary, and the Office

of Solicitor) acted arbitrarily or capriciously while violating Guardians' rights involving timely

FOIA access to agency records.

72.    Guardians requests entry of judicial findings confirming that the circumstances raise

questions as to the arbitrary and capricious conduct of agency personnel in processing this FOIA

Request. 5 U.S.C. § 552(a)(4)(F).  Guardians requests an award of attorney fees, which is a condition precedent to Special Counsel referral.

73.  Upon entry of judicial findings and award of statutory attorney fees, Defendants' conduct in processing the FOIA Request is properly addressed by referral to Special Counsel for further investigation and remedy of the arbitrary and capricious conduct. 5 U.S.C. § 552(a)(4)(F).

## REQUEST FOR RELIEF

WHEREFORE, Guardians respectfully requests that this Court enter judgment providing the following relief:

A.  Enter Findings and Declare that Defendants have violated FOIA by unlawfully withholding agency records responsive to Guardians' FOIA Request;

B.  Enter Findings and Declare that each Defendant violated its duty to comply with FOIA's statutory deadlines;

C.  Enter Findings and Declare that each Defendant has violated its duty to provide estimated dates of completion for Guardians' FOIA Request;

D.  Direct by injunction that Defendants provide Guardians a lawful determination on its FOIA Request by a date certain;

E.  Direct by order that each Defendant conduct a lawful search for responsive records.

F.  Direct by order that each Defendant provide proof that a lawful search was conducted with a cutoff date set as the date of such order;

G.  Direct by injunction that Defendants promptly provide all agency records responsive to Guardians' FOIA Request that are not subject to withholding pursuant to one of the nine recognized FOIA exemptions.

H.  Direct by order that Defendants provide Guardians with a detailed statement justifying each withholding of an agency record, or portions thereof, in accordance with the indexing requirements of *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974).

I.  Direct by order that Defendants provide Guardians with all responsive agency records by a date certain, within twenty working days of any such order;

J.  Grant Guardians' costs of litigation, including reasonable attorney fees as provided by FOIA, 5 U.S.C. § 552(a)(4)(E);

K.  Enter a finding that Defendants' conduct involves circumstances that raise questions of whether they have unlawfully, arbitrarily, and/or capriciously withheld agency records, and refer the matter for administrative investigation and remedy (5 U.S.C. § 552(a)(4)(F)); and,

L.  Provide such other relief as the Court deems just and proper.

**RESPECTFULLY SUBMITTED, January 15, 2019**

/s/ Travis E. Stills
Travis E. Stills
Energy & Conservation Law
1911 Main Ave., Suite 238
Durango, Colorado 81301
(970) 375-9231
stills@frontier.net

/s/ Stuart Wilcox
Stuart Wilcox
WildEarth Guardians
2590 Walnut Street
Denver, CO 80205
(720) 331-0385
swilcox@wildearthguardians.org

*Attorneys for Plaintiff*