## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

Civil Action No. 2019-cv-00132-WJM-NYW

**FILED**
**UNITED STATES DISTRICT COURT**
**DENVER, COLORADO**
06/07/19
**JEFFREY P. COLWELL, CLERK**

WILDEARTH GUARDIANS

    Plaintiff,

    v.

OFFICE OF SURFACE MINING
RECLAMATION AND ENFORCEMENT; a federal agency within the U.S.
DEPARTMENT OF THE INTERIOR;

U.S. DEPARTMENT OF THE INTERIOR, a federal agency;

    Defendants.

---

## FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

---

## I.　　INTRODUCTION

1.　　Defendants Office of Surface Mining Reclamation and Enforcement ("OSMRE") and United States Department of the Interior ("DOI") are agencies that have wrongfully withheld records responsive to a request made by Plaintiff WildEarth Guardians ("Guardians") pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. §§ 552, *et seq*.

2.　　Recognizing that FOIA requesters are harmed when agencies do not ensure prompt public access to agency records, Congress has repeatedly amended FOIA to address unreasonable agency delay. For example, the Electronic Freedom of Information Act Amendments of 1996 confirmed that "[t]he purposes of this Act are to-- (1) foster democracy by ensuring public access to agency records and information; (2)

improve public access to agency records and information; (3) ensure agency compliance with statutory time limits; and (4) maximize the usefulness of agency records and information collected, maintained, used, retained, and disseminated by the Federal Government." 110 Stat. 3048, 104 P.L. 231, Sec. 1.

3.      Congress determined that FOIA litigation is subject to expedited judicial consideration. Unlike other civil litigation involving a federal agency, a responsive pleading is required within thirty days of service. 5 U.S.C. § 552 (a)(4)(C) ("Notwithstanding any other provision of law, the defendant shall serve an answer or otherwise plead to any complaint made under this subsection within thirty days after service upon the defendant of the pleading in which such complaint is made, unless the court otherwise directs for good cause shown.").

4.      On November 30, 2017, Guardians filed a written FOIA request. ECF No. 1-1 ("FOIA Request"). The FOIA Request sought prompt access to agency records involving Guardians' rulemaking petition, which OSMRE approved in 2015. *See* 80 Fed. Reg. 9256 (Feb. 20, 2015). The rulemaking sought to require surface coal mining operators to prevent injury to people and damage to property from toxic gases generated by blasting at coal mines, including nitrogen oxide (NOx) and carbon monoxide (CO), and would define "blast area" in their regulations to ensure areas affected by blasting are properly secured and that the public is adequately protected. The FOIA Request also involves OSMRE's subsequent withdrawal of the rulemaking decision on March 27, 2017. ECF No. 1-1 at 7.

5.      Guardians did not receive any communication from OSMRE related to the FOIA Request by the December 29, 2017 deadline for a final determination on the

Request. On January 3, 2018, Guardians emailed OSMRE to request an update because OSMRE had still failed to acknowledge the FOIA Request, failed to assign a tracking number to the FOIA Request, failed to provide an estimated date of completion for the FOIA Request, failed to provide a final determination for the FOIA request, and failed to produce any records responsive to the FOIA Request. Exhibit 1.

6.      On January 5, 2018, OSMRE sent Guardians an email confirming that OSMRE received the FOIA Request on November 30, 2017. Exhibit 1. The email revealed the control number for the FOIA Request as OSM-2018-00038. *Id.* OSMRE's email ignored Guardians' request to provide an estimated completion date. *Id.* OSMRE's email failed to provide a determination on Guardians' request for a fee waiver. *Id.* OSMRE's email did not contain a determination on the FOIA Request. *Id.* OSMRE's email did not produce any records responsive to Guardians' FOIA Request. *Id.*

7.      On September 7, 2018, having heard nothing from OSMRE, Guardians sent another email requesting an update and an estimated completion date for the FOIA Request. Exhibit 1.

8.      On September 20, 2018, OSMRE responded stating that it had conducted a search that identified agency records that are responsive to Guardians' FOIA Request. Exhibit 1. OSMRE confirmed a final determination had not been made and estimated OSMRE would reach a final determination on the request by September 30, 2018. *Id.*

9.      As of the filing of this Amended Complaint, despite OSMRE's statement that it would make a final determination by September 30, 2018, OSMRE has still neither produced all records responsive to Guardians' FOIA Request nor made a final determination on Guardians' FOIA Request.

10.     Contrary to the Congressional mandate to make responsive records promptly available to FOIA requesters (110 Stat. 3048, 104 P.L. 231, Sec. 1), OSMRE failed to make a determination on Guardians' FOIA Request within the statutory time limit. 5 U.S.C. § 552(a)(6). OSMRE has failed to provide prompt access to the agency records described by Guardians' FOIA Request. 5 U.S.C. § 552(a)(3)(A).

11.     By violating FOIA, Defendants have violated Guardians' right to promptly access agency records not subject to a recognized FOIA exemption upon filing a written request, a statutory right that each FOIA requester enjoys regardless of the requester's purpose. 5 U.S.C. § 552.

12.     The withholding of agency records not subject to one of FOIA's nine recognized exemptions (5 U.S.C. § 552(b)) denies Guardians' FOIA right to promptly access information necessary to carry out its organizational mission. Guardians' organizational mission includes participation in rulemakings involving the statutorily established public land management and environmental decisionmaking processes carried out, overseen, and authorized by Defendants.

13.     Guardians requests an order finding that Defendants have violated FOIA, directing Defendants to make a prompt determination on Guardians' FOIA Request supported by agency declarations documenting each search and each assertion of a FOIA exemption, and compelling Defendants to promptly provide Guardians with the responsive records by a date certain.

## II.     JURISDICTION AND VENUE

14.     This Court has jurisdiction over this action pursuant to FOIA, 5 U.S.C. § 552(a)(4)(B). This Court also has jurisdiction pursuant to 28 U.S.C. § 1331 (federal

question) and 28 U.S.C. § 1361 (action to compel an officer of the United States to

perform his duty).

15.     OSMRE's failure to make a lawful determination on Guardians' FOIA

Request within twenty working days of its November 30, 2017, receipt by OSMRE is

construed as a denial of the FOIA Request and waives further exhaustion of

administrative appeals requirements that can otherwise apply in FOIA cases. 5 U.S.C. §

552(a)(6)(A)(i); 5 U.S.C. § 552(a)(6)(C)(i).

16.     Constructive exhaustion of administrative remedies vests this District

Court with jurisdiction to resolve all issues regarding Guardians' FOIA Request. 5 U.S.C.

§ 552(a)(6)(C)(i) ("Any person making a request to any agency for records under

paragraph (1), (2), or (3) of this subsection shall be deemed to have exhausted his

administrative remedies with respect to such request if the agency fails to comply with

the applicable time limit provisions of this paragraph.").

17.     Venue in this Court is proper. 5 U.S.C. § 552(a)(4)(B). Guardians is a non-

profit corporation with offices in Denver, Colorado. Guardians' staff in its Colorado

office filed the FOIA Request at issue. The records requested by this FOIA Request

involve ongoing OSMRE regulatory authority over coal mining operations in Colorado,

and throughout the nation. https://www.osmre.gov/. Guardians' Denver Office plays the

lead role in regional efforts to address the hazards posed by coal mining in the Western

United States.

18.     Venue is also appropriate under 28 U.S.C. § 1391 because Defendants are

agencies of the United States with regional offices in Denver, Colorado (OSMRE's

Western Region Offices (https://www.wrcc.osmre.gov/) and DOI's Regional Office for

Colorado, Iowa, Kansas, Missouri, Montana, North Dakota, Nebraska, South Dakota,

Utah, and Wyoming (https://www.doi.gov/oepc/regional-offices/denver)), and a

substantial part of the events or omissions giving rise to these claims occurred in this

judicial district.

19.     This Court "has jurisdiction to enjoin the agency from withholding agency

records and to order the production of any agency records improperly withheld from the

complainant." 5 U.S.C. § 552(a)(4)(B). The District Court "shall determine the matter de

novo." 5 U.S.C. § 552(a)(4)(B).

20.     This Court has statutory authority to grant declaratory relief pursuant to

the Declaratory Judgment Act, 28 U.S.C. § 2201. This Court has statutory authority to

grant injunctive relief pursuant to 28 U.S.C. § 2202 and 5 U.S.C. § 552(a)(4)(B). The

Court retains its full equitable powers to fashion and impose effective remedies for

agency FOIA violations.

21.     This Court has statutory authority to award costs and attorney fees

pursuant to 5 U.S.C. § 552(a)(4)(E).

22.     In addition to *de novo* review and authority to compel agency FOIA

compliance, this Court has statutory authority to refer this matter to the Special Counsel

to investigate and make binding recommendations to remedy the potentially arbitrary and

capricious circumstances surrounding the agency's withholding of records. 5 U.S.C. §

552(a)(4)(F). The Special Counsel provision is a reform mechanism Congress adopted to

remedy persistent agency resistance to FOIA's open government purposes. This unique

statutory provision promotes judicial efficiency and preserves judicial resources by

empowering the Special Counsel to directly carry out investigations into potentially

arbitrary and capricious circumstances and make binding recommendations that ensure

Defendants fulfill FOIA's purposes going forward. *Id*.

23.     "In the event of noncompliance with the order of the court, the district

court may punish for contempt the responsible employee, and in the case of a uniformed

service, the responsible member." 5 U.S.C. § 552(a)(4)(G).

24.     The FOIA claims made in this Amended Complaint are ripe for judicial

review and the harm Defendants have caused to Guardians can be remedied by an order

of this Court.

### III.     PARTIES

25.     Plaintiff WILDEARTH GUARDIANS ("Guardians") is a non-profit

conservation organization dedicated to protecting and restoring the wildlife, wild places,

wild rivers, and health of the American West. Guardians has offices in Colorado,

Montana, New Mexico, Arizona, Washington, and Oregon.

26.     Any person who files a FOIA request is deemed to have standing to

invoke the jurisdiction of the Federal Courts to carry out the judicial review provisions of

FOIA. Guardians filed the FOIA Request at issue and has standing to bring this FOIA

suit.

27.     Guardians brings this action on its own behalf and on behalf of its

adversely affected members. With more than 231,000 members and supporters,

Guardians works to sustain a transition from fossil fuels to clean energy in order to

safeguard the West. Specifically, the records sought in this action are requested in

support of OSMRE's approval of Guardians' rulemaking petition. 80 Fed. Reg. 9256

(Feb. 20, 2015). As the Petition explained, blasting at coal mines leads to the production

of dangerous levels of nitrogen dioxide emissions, which are seen as orange to red clouds. These clouds of toxic gas represent significant threats to public health and welfare and must be curtailed to prevent injuries to persons as required by the Surface Mining Control Reclamation Act. OSMRE determined that WildEarth Guardians' petition set forth facts, technical justification, and law establishing a reasonable basis for OSMRE to amend its regulations addressing these nitrogen dioxide emissions. Without explanation, OSMRE abandoned the rulemaking in 2017. ECF No. 1-1 at 7.

28.     Guardians works in furtherance of its goals in part by acquiring information regarding federal programs and activities through FOIA. Guardians then compiles and analyzes that information and, subsequently, disseminates that information to its membership, the general public, and public officials through various sources including publications, reports, its website and newsletter, general news media coverage, and public presentations. Guardians' successful efforts at educating the public on issues concerning federal government programs and activities that affect the environment contribute significantly to the public's understanding of governmental operations and activities. Guardians also uses the information that it acquires through FOIA to participate in federal decision-making processes, to file administrative appeals and civil actions, and generally to ensure that federal agencies comply with federal environmental laws.

29.     Guardians regularly uses FOIA as an important avenue for gaining information about agency activities. Guardians is harmed when it is denied timely access to documents to which it is entitled. Guardians intends to continue its use of FOIA to access agency records in the possession of Defendants. Specifically, Guardians has

concrete plans to submit additional FOIA requests to OSMRE as Guardians' advocacy and rulemaking efforts continue, and to follow up on the information learned while reviewing agency records responsive to the present FOIA Request.

30.     One of the purposes of FOIA is to promote the active oversight role of public advocacy groups incorporated in many federal laws applicable to federal agencies, including the Administrative Procedure Act. *See, e.g.,* 5 U.S.C. §§ 551, *et seq*. Guardians uses FOIA to publicize activities of federal agencies and to mobilize the public to participate in the management of public land and other public resources. Guardians intends to continue using FOIA requests to fulfill its oversight and advocacy role through scrutinizing agency records, a practice Congress intended to promote through the adoption of FOIA. OSMRE's unexplained cessation of the aforementioned rulemaking involves environmental harms. The unregulated exposure of people to low levels of NOx gases may cause irritation of the eyes, nose, throat, and lungs. Human exposure to high levels of NOx gases may cause rapid burning, spasms, swelling of the throat, and upper respiratory tract issues, potentially resulting in death. The harms flowing from OSMRE's cessation of the rulemaking can be at least partially remedied by ensuring Guardians has prompt access to public records sought by the FOIA Request and in future requests on the same and/or similar subject matter.

31.     Guardians, its staff, or one or more of its members have and will suffer direct injury by the Defendants' failure to comply with the statutory requirements of FOIA, and a favorable outcome of this litigation will redress that injury. Defendants' refusals to provide timely FOIA access to agency records prevent Guardians' informed involvement in Defendants' time-limited opportunities to participate in administrative

processes. Harm to the environment flows from Defendants' FOIA violations, which conceal the facts and circumstances of OSMRE's decision to curtail rulemaking addressing NOx gases. Guardians is also harmed by Defendants' failure to use a tracking system to provide, amongst other things, an estimated completion date or to otherwise provide Guardians with an estimated completion date for the FOIA Request. This failure prevents Guardians from planning for review of the records and deprives Guardians of information necessary to determine whether it must litigate the request at issue in order to quickly secure the records that it has requested. Guardians brings this action on behalf of itself, its staff, and its members.

32.     Defendant UNITED STATES DEPARTMENT OF THE INTERIOR, OFFICE OF SURFACE MINING RECLAMATION AND ENFORCEMENT ("OSMRE") is an agency as defined by 5 U.S.C. § 552(f)(1). FOIA charges OSMRE with the duty to provide public access to agency records in its possession or control. OSMRE possesses records responsive to Guardians' FOIA Request. OSMRE is denying Guardians access to its records in contravention of federal law.

33.     Defendant UNITED STATES DEPARTMENT OF THE INTERIOR, ("DOI") is an agency as defined by 5 U.S.C. § 552(f)(1). FOIA charges the DOI with the duty to provide public access to agency records in its possession or control. DOI, and its various bureaus, departments, offices, and agencies, possesses records requested by Guardians. DOI is denying Guardians access to its records in contravention of federal law. DOI's Office of the Solicitor provides legal and non-legal services to OSMRE and other DOI bureaus, departments, offices, and agencies.

34.    The UNITED STATES DEPARTMENT OF INTERIOR, OFFICE OF

THE SOLICITOR ("Office of the Solicitor") is a federal agency as defined by 5 U.S.C. §

552(f)(1). The Office of the Solicitor must be consulted before DOI or OSMRE may

deny a FOIA request by withholding records responsive to a FOIA request. 43 C.F.R. §§

2.23(c), 2.24(b)(5). When Defendants carry out FOIA duties involving FOIA exemptions

(5 U.S.C. § 552(b)), the Office of the Solicitor acts as a DOI FOIA Officer and acts

outside the capacity of an attorney providing legal advice to a client in preparation for

litigation. The Office of the Solicitor is not named as a defendant separate from DOI at

this time. On information and belief, the Office of the Solicitor possesses agency records

responsive to Guardians' FOIA Request. The Office of the Solicitor possesses

discoverable agency records that are relevant to judicial review of the Defendants'

processing of Guardians' FOIA Request.

35.    Among other things, Defendants failed to lawfully make a determination

on Guardians' FOIA Request within the statutory twenty working day limit. As of the

filing of this Amended Complaint, Defendants have not made and communicated a

determination on the FOIA Request. As of the filing of this Amended Complaint, each

Defendant possesses, controls, and unlawfully withholds agency records responsive to

Guardians' FOIA Request that are not subject to a FOIA exemption. As of the filing of

this Amended Complaint, Defendants have not completed a FOIA-compliant search for

records responsive to Guardians' FOIA Request. As of the filing of this Amended

Complaint, and despite Guardians' requests, Defendants have not provided an estimated

completion date for providing a final determination nor agency records responsive to the

FOIA Request. Guardians seek judicial remedies provided by Congress to obtain prompt

access to the documents described in the FOIA Request that are being withheld by OSMRE.

## IV.    STATEMENT OF FACTS AND SUMMARY OF LAW

36.    On November 30, 2017, Guardians submitted a written FOIA Request to OSMRE. ECF No. 1-1.

37.    OSMRE received the FOIA Request on November 30, 2017. The 20th working day after November 30, 2017, fell on December 29, 2017. OSMRE did not provide any response to the FOIA Request during the twenty working day period following November 30, 2017.

38.    Guardians contacted OSMRE's FOIA Officer on January 3, 2018, via an email. The email asked OSMRE for an acknowledgment that it had received the FOIA Request, any control number that it had assigned to the FOIA Request, and requested an estimated date for OSMRE's final determination.

39.    OSMRE responded by email on January 5, 2018. This was the first communication Guardians received from OSMRE related to the overdue FOIA Request. The OSMRE FOIA Officer's email confirmed receipt of the FOIA Request on November 30, 2017, and assigned the FOIA Request the FOIA tracking number OSM-2018-00038. OSMRE did not provide an estimated date for a final determination and release of records. OSMRE did not provide a determination on Guardians' fee waiver request.

40.    Guardians sent a follow-up email to OSMRE's FOIA Officer on September 7, 2018, after OSMRE failed to provide Guardians with any further communication on the FOIA Request. This email requested an update on the status of the

FOIA Request and an estimated date for a determination on the FOIA Request and production of records.

41.     On September 20, 2018, OSMRE's FOIA Officer confirmed that OSMRE had assembled an undisclosed number of responsive records. The email confirmed the FOIA Officer had not reached a final determination on any FOIA exemption that could justify withholding of responsive records. The FOIA Officer made no mention of the Office of Solicitor review.

42.     Defendants' FOIA Officer estimated the determination would be provided to Guardians by September 30, 2018. OSMRE's FOIA Officer made no estimate for the date all responsive records not subject to FOIA exemption would be produced. DOI often delays production of records for months and even years after making a FOIA determination.

43.     As of the filing of this Amended Complaint, Guardians has not received Defendants' final determination on the FOIA Request. As of the filing of this Amended Complaint, Guardians has sought, but Defendants have not provided an updated estimate completion date by which Guardians can expect a final determination or production of all responsive agency records.

44.     On information and belief, OSMRE does not have its own FOIA request status webpage and instead uses the DOI's FOIA Request Status webpage (https://foia.doi.gov/requeststatus) as its means for complying with FOIA's requester notification provisions. Guardians' counsel has conducted multiple searches of the DOI's FOIA Request Status webpage (https://foia.doi.gov/requeststatus) and has been unable to identify an entry for OSM-2018-00038. On information and belief, the DOI's FOIA

Request Status webpage does not include an entry for OSM-2018-00038. On information and belief, the DOI's FOIA Request Status webpage does not provide an estimated processing completion date for FOIA Request number OSM-2018-00038.

45.     OSMRE's communications did not notify Guardians of a telephone line dedicated to tracking FOIA requests, and Guardians' counsel has been unable to locate such a telephone line. On information and belief, Defendants do not utilize a telephone line dedicated to tracking FOIA request status. If Defendants do utilize a telephone line dedicated to tracking FOIA request status, on information and belief, that telephone line does not provide an estimated processing completion date for FOIA Request number OSM-2018-00038.

46.     OSMRE possesses or controls, and is withholding, agency records responsive to Guardians' FOIA Request that are not subject to a FOIA exemption. OSMRE's withholding of agency records is unlawful. Alternatively, responsive records were transferred to the Office of Solicitor, and persons within the DOI serving as counsel to OSMRE and/or DOI FOIA Officers are withholding records responsive to Guardians' FOIA Request.

47.     As of the filing of this Amended Complaint, one or more Defendants continue to withhold agency records responsive to the FOIA Request. Defendants have not made and communicated a final determination on the FOIA Request. Defendants have not completed a FOIA-compliant search. Defendants have not provided the "cut-off date" used for any search, thereby frustrating Guardians' intent to file a follow-up FOIA request. Defendants have provided neither a *Vaughn* index nor any detailed explanation for withholding any of the specific agency records being withheld in full or in part.

48.     FOIA was amended in 2007 to reaffirm that Congress, through FOIA, continues to seek to "ensure that the Government remains open and accessible to the American people and is always based not upon the 'need to know' but upon the fundamental 'right to know.'" Pub. L. No. 110-175, 121 Stat. 2524, Section 2 ¶6 (2007).

49.     An agency violates FOIA whenever it withholds an agency record that is not subject to a recognized FOIA exemption. 5 U.S.C. § 552(a). This lawsuit is necessary to vindicate Guardians' right to know, which is violated by Defendants' unlawful withholding of responsive agency records, in part, by failing to make a determination on Guardians' FOIA Request within twenty working days. 5 U.S.C. § 552(a)(6)(A)(i). Administrative remedies are deemed exhausted whenever an agency fails to comply with the applicable time limits of FOIA. 5 U.S.C. § 552(a)(6)(C)(i). Defendants' failure to comply with FOIA's time limits has constructively exhausted all of Guardians' administrative remedies and put all questions of FOIA compliance within the jurisdiction of the federal courts.

50.     This lawsuit is also necessary because Defendants have refused to provide an estimated date by which Guardians' FOIA Request will be completed, an agency duty Congress imposed in 2007 to remedy widespread and casual violations of FOIA deadlines. 5 U.S.C. § 552(a)(7).

51.     No exceptional circumstances have been asserted, and none exist, that would justify an OSMRE request for more time to review and disclose requested records. 5 U.S.C. § 552 (a)(6)(C). OSMRE has not exercised due diligence in responding to Guardians' FOIA Request. The delays at issue in this case result from predictable circumstances and agency workload of FOIA requests. OSMRE has not made reasonable

progress in reducing its backlog of pending requests.

52.     While OSMRE is failing to meet mandatory duties under FOIA, OSMRE

is engaged in numerous discretionary activities for which OSMRE is not bound by

statutory deadlines.

53.     For example, OSMRE is preparing environmental reviews for several

federal coal mining plans pursuant to its regulations at 30 C.F.R. § 746. OSMRE is

conducting reviews of mining plans in North Dakota,[1] Colorado,[2] Oklahoma,[3]

Wyoming,[4] and Montana.[5] OSMRE is under no legal deadlines to complete these reviews

or otherwise take action related to any federal coal mining plan.

54.     Guardians now turns to this Court to provide relief that ensures Guardians,

its membership, and the public have the prompt public access to agency records

guaranteed by FOIA. 5 U.S.C. §§ 552(a)(3)(A), (a)(6).

55.     Guardians seeks judicial orders compelling a determination, proper search,

and prompt production of responsive agency records not subject to FOIA withholding.

56.     FOIA disputes are normally resolved on summary judgment, with the

burden of proving FOIA compliance falling on the agency. During this litigation,

Defendants must carry their burden of demonstrating all elements of FOIA compliance.

Defendants may meet their litigation burdens by providing declarations, and disclosing

contravening evidence in their possession, that address, among other things: a broad

---

[1] See https://www.osmre.gov/resources/newsroom/News/2018/101518_CoyoteCreekMine.pdf
[2] See https://www.osmre.gov/resources/newsroom/News/2019/020819_KingIIMine.pdf (last accessed June 6, 2019).
[3] See https://www.mcrcc.osmre.gov/programs/federal-lands.shtm#Pollyanna (last accessed June 6, 2019).
[4] See https://www.wrcc.osmre.gov/initiatives/caballoMine.shtm (last accessed June 6, 2019) and https://www.wrcc.osmre.gov/initiatives/dryForkMine/dryForkMineA3EA.shtm (last accessed June 6, 2019).
[5] See https://www.wrcc.osmre.gov/initiatives/westernEnergy.shtm (last accessed June 6, 2019).

interpretation of the FOIA Request, lawful search, lawful cut-off date for each search, and the justification in a "Vaughn index" for withholding any agency record or part thereof.

57.     FOIA provides additional statutory relief where the Court has granted the plaintiff statutory attorney fees and entered orders compelling disclosure of withheld records. In those cases, the Court may enter judicial findings that the defendants' conduct in addressing a FOIA request involves circumstances that raise questions as to whether the defendants (here including OSMRE and DOI) acted arbitrarily or capriciously while violating the plaintiff's rights involving timely FOIA access to agency records. 5 U.S.C. § 552(a)(4)(F). Defendants' conduct in processing the FOIA Request is properly addressed by referral to Special Counsel for further investigation and remedy of the Defendants' potentially arbitrary and capricious conduct. 5 U.S.C. § 552(a)(4)(F).

### FIRST CLAIM FOR RELIEF

### Violation of FOIA - Constructive Denial and Unlawfully Withholding Agency Records Responsive to the FOIA Request

58.     Guardians repeats and incorporates by reference the allegations in the above paragraphs and all paragraphs of this Amended Complaint.

59.     Defendants have not communicated to Guardians the full scope of the documents they intend to produce and withhold in response to FOIA Request OSM-2018-00038 or their reasons for withholding those documents, and have not disclosed to Guardians all records responsive to the FOIA Request.

60.     Defendants violated FOIA (5 U.S.C. § 552(a)) by failing to provide a lawful determination and response to Guardians' November 30, 2017, request for agency records within the statutory period. 5 U.S.C. § 552(a)(6)(A)(i).

61.     This failure to make a lawful determination on Guardians' FOIA Request (OSM-2018-00038) within the time frame required by FOIA is a constructive denial and wrongful withholding of the records Guardians requested in violation of FOIA. 5 U.S.C. § 552(a)(6)(A)(i); 5 U.S.C. § 552(a)(6)(C)(i).

62.     Defendants continue to withhold agency records and violate FOIA by failing to provide a FOIA determination and by failing to promptly provide Guardians with responsive records that are not subject to a FOIA exemption. 5 U.S.C. § 552(a).

## SECOND CLAIM FOR RELIEF

### Violation of FOIA - Unlawfully Withholding Agency Records
### Responsive to FOIA Request that are not Subject to a FOIA Exemption

63.     Guardians repeats and incorporates by reference the allegations in the above paragraphs and all paragraphs of this Amended Complaint.

64.     Guardians has a statutory right to the records it seeks, and OSMRE has not used a FOIA determination to assert a legal basis for Defendants to withhold any record pursuant to any of FOIA's nine disclosure exemptions. *See* 5 U.S.C. §§ 552(b)(l)-(9).

65.      Constructive exhaustion of administrative remedies vests this District Court with jurisdiction to resolve all issues regarding Guardians' FOIA Request and relieves Guardians of the burden and delay of filing an administrative appeal. 5 U.S.C. § 552(a)(6)(C)(i).

66.     Defendants continue to violate FOIA by illegally withholding agency records that are responsive to the FOIA Request, but which Defendants have not demonstrated are subject to any FOIA withholding provision. 5 U.S.C. § 552(b).

67.     Defendants continue to violate FOIA by unlawfully withholding agency records that are responsive to Guardians' FOIA Request, but which are not subject to any FOIA exemption that allows withholding. 5 U.S.C. § 552(b).

### THIRD CLAIM FOR RELIEF

### Violation of FOIA – Failure to Conduct an Adequate Search

68.     Guardians repeats and incorporates by reference the allegations in the above paragraphs and all paragraphs of this Amended Complaint.

69.     Guardians has a statutory right to have Defendants process its FOIA Request in a manner that complies with FOIA. Guardians' rights in this regard were violated when the Defendants unlawfully failed to undertake a search reasonably calculated to locate records responsive to Guardians' FOIA Request.

70.     Constructive exhaustion of administrative remedies vests this District Court with jurisdiction to resolve all issues regarding Guardians' FOIA Request and relieves Guardians of the burden and delay of filing an administrative appeal. 5 U.S.C. § 552(a)(6)(C)(i).

71.     Defendants continue to violate FOIA by failing to conduct and document a lawful search for responsive records, which is a condition precedent to a lawful determination. On information and belief, responsive agency records have been withheld due to an unlawfully narrow search. 5 U.S.C. §§ 552(a)(3)(B)-(C).

### REQUEST FOR RELIEF

WHEREFORE, Guardians respectfully requests that this Court enter judgment providing the following relief:

A.      Enter findings and declare that each Defendant violated its duty to comply with FOIA's statutory deadlines;

B.      Enter findings and declare that each Defendant violated FOIA by unlawfully withholding agency records responsive to Guardians' FOIA Request;

C.      Enter findings and declare that each Defendant violated FOIA by failing to conduct a search reasonably calculated to locate the records responsive to Guardians' FOIA Request;

D.      Direct by injunction that Defendants provide Guardians a lawful determination on Guardians' FOIA Request by a date certain;

E.      Direct by order that each Defendant conduct a lawful search for responsive records;

F.      Direct by order that each Defendant provide proof that a lawful search was conducted with a cutoff date set as the date of such order;

G.      Direct by injunction that Defendants promptly provide all agency records responsive to Guardians' FOIA Request that are not subject to withholding pursuant to one of the nine recognized FOIA exemptions;

H.      Direct by order that Defendants provide Guardians with a detailed statement justifying each withholding of an agency record, or portions thereof, in accordance with the indexing requirements of *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974);

I.      Direct by order that Defendants provide Guardians with all responsive agency records by a date certain, within twenty working days of any such order;

J.      Grant Guardians' costs of litigation, including reasonable attorney fees as provided by FOIA, 5 U.S.C. § 552(a)(4)(E);

K.      Enter a finding that Defendants' conduct with regards to Guardians' FOIA Request involves circumstances surrounding the withholding of records that raise questions of whether Defendants have acted arbitrarily and/or capriciously by withholding of records by delaying a determination, by not providing prompt access to responsive records, by withholding of records not subject to a FOIA exemption, by failing to conduct an adequate search, by failing to provide Guardians with an estimated completion date for the request, and by failing to use the FOIA-mandated request tracking system, and refer the matter to Special Counsel for administrative investigation and remedy, 5 U.S.C. § 552(a)(4)(F); and,

L.      Provide such other relief as the Court deems just and proper.

**RESPECTFULLY SUBMITTED, June 6, 2019**

/s/ Stuart Wilcox_____
Stuart Wilcox
Stuart Wilcox LLC
2340 Dayton Street
Aurora, Colorado 80010
(720) 331-0385
stuart.wilcox5@gmail.com

/s/ Travis E. Stills_____
Travis E. Stills
Energy & Conservation Law
1911 Main Avenue, Suite 238
Durango, Colorado 81301
(970) 375-9231
stills@frontier.net

*Attorneys for Plaintiff*