**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 19-cv-00132-WJM-NYW

WILDEARTH GUARDIANS,

    Plaintiff,

v.

OFFICE OF SURFACE MINING RECLAMATION AND ENFORCEMENT, a federal agency within the U.S. Department of the Interior; and
U.S. DEPARTMENT OF THE INTERIOR, a federal agency,

    Defendants.

---

**UNOPPOSED MOTION TO EXTEND DEADLINE TO FILE**
**SUMMARY JUDGMENT MOTIONS WHILE PARTIES DISCUSS SETTLEMENT**

---

Pursuant to Federal Rules of Civil Procedure 1 and 6(b)(1)(A), Defendants Office of Surface Mining Reclamation and Enforcement ("OSMRE") and the U.S. Department of the Interior move to extend the current deadline for the parties to file their respective summary judgment motions in this matter until October 31, 2019. The parties' current deadline to file summary judgment motions is October 1, 2019. ECF No. 41. Defendants respectfully request that the Court extend that deadline by 30 days to allow the parties additional time to engage in settlement negotiations. Plaintiff does not oppose this motion.

**PROCEDURAL BACKGROUND**

This case relates to Plaintiff's request for documents from the Office of Surface Mining Reclamation and Enforcement pursuant to the Freedom of Information Act ("FOIA"). ECF No. 35 ¶ 1. Plaintiff's amended complaint asserts three separate claims. *Id.* ¶¶ 58-71. Plaintiff's

first claim asserts that Defendants violated FOIA by unlawfully withholding records responsive to its FOIA request. *Id*. ¶¶ 58-62. Plaintiff's second claim for relief similarly asserts that Defendants violated FOIA by withholding agency records responsive to its FOIA request but not subject to a FOIA exemption. *Id*. ¶¶ 63-67. Plaintiff's third claim asserts that Defendants failed to conduct an adequate search. *Id*. ¶¶ 68-73.

The parties began settlement discussions before Plaintiff submitted its amended complaint. *See* ECF Nos. 25 & 28. In fact, on April 12, 2019, the United States filed an unopposed motion to extend its deadline to respond to the then-operative complaint while the parties engaged in settlement negotiations. ECF No. 25. The United States filed another such motion on May 7, 2019. On June 6, 2019, Plaintiff filed a motion for leave to amend its complaint to eliminate the claims that were the subject of Defendant's motion to dismiss that was stricken by Judge Martinez. *See* ECF Nos. 9 & 31. On June 20, 2019, Defendants filed their answer to the amended complaint. ECF No. 36. In the meantime, OSMRE continued to produce records responsive to Plaintiff's FOIA request. *See generally*, ECF No. 41.

The parties continue to engage in settlement negotiations and now seek an extension of their deadline to file summary judgment motions to pursue an amicable resolution of this litigation. The parties have made progress towards settlement since settlement discussion began. Specifically, since the Status Conference on July 2, 2019, the parties, through counsel, exchanged drafts of a settlement agreement on July 12, 2019, August 9, 2019, and August 30, 2019. The parties have significantly narrowed the areas of disagreement and are optimistic that an amicable resolution may be reached.

## ARGUMENT

### I. There is Good Cause to Extend The Parties' Deadline to Submit Summary Judgment Motions.

There is good cause to extend the parties' deadline to submit summary judgment motions by 30 days until October 31, 2019.

An extension of time filed before the original deadline expires can be granted on a showing of good cause.  Fed. R. Civ. P. 6(b)(1)(A); *see also* Judge William J. Martinez Practice Standards II.D.2; D.C.COLO.LCivR. 6.1(b).  The Tenth Circuit has held that Rule 6(b)(1) "should be liberally construed" in order to promote the general purpose of the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding."  *E.g., Rachel v. Troutt*, 820 F.3d 390, 394 (10th Cir. 2016) (citing 4B Charles Alan Wright, et al., *Federal Practice and Procedure* § 1165 (2015), for the suggestion that district courts should normally grant extension requests, made before the deadline, in the absence of bad faith by the requesting party or prejudice to another party).  Under the circumstances here, where the parties are actively pursuing a negotiated resolution of the case, an extension of the deadline submit summary judgment motions would promote efficiency and fairness for the litigants and the Court.

In determining whether to exercise its discretion and grant an extension of the parties' deadline to submit summary judgment motions, the Court may also weigh the *String Cheese* factors.  Those factors are: (1) the non-moving party's interest in proceeding expeditiously with the civil action and the potential prejudice to the non-moving party of a delay; (2) the burden on the moving party if a stay were not granted; (3) the convenience to the Court; (4) the interests of

persons not parties to the civil litigation; and (5) the public interest. *See String Cheese Incident, LLC v. Stylus Shows, Inc., et al.*, No. 1:02-CV-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006). While these factors are most often used in determining whether to grant a stay of discovery, the Court may look to these factors in determining whether to stay other aspects of the litigation. *See, e.g., Deutsche Bank Trust Co. Americas v. Fushimi*, No. 11-cv-02472, 2011 WL 5864987, at *4 (D. Colo. Nov. 22, 2011) (considering *String Cheese* factors and granting stay of deadline to answer complaint pending resolution of related proceedings).

With respect to the first, second, and third factors, the interests of the litigants and the Court would be best served by an extension of time for the parties to file summary judgment motions. Plaintiff does not oppose this motion and thus would not be prejudiced by an extension in this case. In fact, if an extension is not granted, Plaintiff, like Defendants, would be burdened by being required submit a summary judgment motion while simultaneously pursuing settlement negotiations. Similarly, the Court would be inconvenienced if it were required to resolve summary judgment motions when a settlement agreement between the parties may be reached.

Since there are currently no non-parties involved in this litigation, the fourth *String Cheese* factor does not weigh against an extension.

The fifth and final *String Cheese* factor weighs in favor of an extension of the parties' deadline to submit summary judgment motions. Where "the public's only interest in this case is a general interest in its efficient and just resolution, [a]voiding wasteful efforts by the Court clearly serves this interest." *Harbinger Capital Partners LLC, et al. v. Ergen, et al.*, Civil Action No. 14-cv-01907-WJM-KMT, 2015 WL 1133503, at *2 (D. Colo. Mar. 10, 2015).

Taking all of the *String Cheese* factors together, there is good cause for the Court to exercise its discretion and grant an extension of the parties' deadline to submit summary judgment motions until October 31, 2019. This approach avoids inconvenience to the Court and litigants by allowing the parties to focus their efforts on negotiating a possible resolution to this case without burdening the court with motions when a resolution may be reached.

## CONCLUSION

For the foregoing reasons, the Court should extend the parties' deadline to submit summary judgment motions by 30 days to October 31, 2019.

## CERTIFICATIONS

Pursuant to D.C.COLO.LCivR 6.1(b), undersigned counsel certifies that on April 12, 2019, Defendants filed an unopposed motion to extend their deadline to respond to the original complaint while the parties engaged in settlement negotiations. ECF No. 25. On April 15, 2019, this Court granted that motion. ECF No. 27. On May 7, 2019, Defendants filed a second unopposed motion to extend their deadline to respond to the original complaint while the parties engaged in settlement negotiations. ECF No. 28. The Court granted that motion the same day. ECF No. 30.

Pursuant to D.C.COLOLCivR 6.1(c) and Judge Martinez's Practice Standard II.D.2, undersigned counsel certifies that a copy of this motion will be served contemporaneously on Emily Morris, agency counsel for the Department of the Interior.

Pursuant to D.C.COLO.LCiv.R 7.1(a) undersigned counsel has conferred with counsel for Plaintiff. Plaintiff does not oppose this motion.

Dated: September 10, 2019

                Respectfully submitted,

                JASON R. DUNN
                United States Attorney

                s/ *Chandra K. Aitchison*
                Chandra K. Aitchison
                Assistant United States Attorney
                United States Attorney's Office
                1801 California Street, Suite 1600
                Denver, CO 80202
                Telephone: 303-454-0301
                E-mail: chandra.aitchison@usdoj.gov

                Counsel for Defendants

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on September 10, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following recipients:

Travis E. Stills
Energy & Conservation Law
1911 Main Ave., Ste. 238
Durango, CO 81301
Stills@frontier.net

Stuart N. Wilcox
Stuart Wilcox LLC
2540 Dayton Street
Aurora, CO 80010
Stuart.Wilcox5@gmail.com

A copy of this motion will also be served contemporaneously, via email, on Defendants through Emily Morris, agency counsel for the Department of the Interior.

*s/ Caitlin McConnell*
United States Attorney's Office